United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE BLOUNT III, et al., | No. C 11-02227 CRB (DMR) |
| Plaintiffs, | **ORDER REGARDING DISCOVERY LETTERS** |
| v. | |
| MORGAN STANLEY SMITH BARNEY LLC, et al., | |
| Defendants. | |
| _____/ | |

    The parties filed separate letters outlining their discovery disputes on October 18 and 22, 2012, and filed supplemental letters on November 1 and 7, 2012. [Docket Nos. 68 (Plaintiffs' letter), 70 (Defendants' letter), 73, 74.] The court held a hearing on the disputes on November 8, 2012, at which the parties were represented by counsel. Following an initial hearing, the court ordered the parties to meet and confer in the courthouse regarding their disputes. The parties were able to reach agreement on all but one issue. This order memorializes the ruling made at the hearing on the remaining dispute.

    Plaintiffs sought to compel the deposition of James Harrington, Plaintiff Jesse Blount's former manager. Mr. Harrington worked for Morgan Stanley & Co., which was Defendant Morgan Stanley Smith Barney LLC's predecessor. He left that employment in 2005 and now lives in Oregon. (Defendants' letter 4.) Plaintiffs represented that they sought to depose Mr. Harrington

regarding the allegation that in 2004, he "denied [Blount], because of his race and color, the opportunity to enter into a lucrative partnership with [Financial Advisor] Krebill and thereby prevented him from 'inheriting' Krebill's accounts . . . upon the latter's retirement." (Plaintiffs' letter 2.)

At the hearing, Plaintiffs conceded that the 2004 events regarding Harrington's alleged denial of a partnership opportunity are not actionable as they are time-barred. Plaintiffs also acknowledged that Plaintiff Blount had signed a release of discrimination claims arising before February 2008 against Defendants. (Plaintiffs' letter 4.) Plaintiffs' amended complaint does not allege discriminatory conduct that occurred before February 7, 2008 (Plaintiffs' letter 4), and Plaintiffs conceded that Mr. Harrington has no personal knowledge of events that occurred after 2008 and during the liability period of this case, which started on June 4, 2010. (*See* Plaintiffs' letter 4 n.2.) However, Plaintiffs argue that they seek to depose Mr. Harrington to discover potentially relevant "background evidence" of unlawful conduct. To the extent the information Mr. Harrington possesses is well outside of the limitations period, the court concludes that the information is not relevant and thus is not discoverable.

IT IS SO ORDERED.

Dated: November 9, 2012

                                      DONNA M. RYU
                                      United States Magistrate Judge